```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

                                :
MICHAEL JAMISON                 :
                                :
v.                              :   CIV. NO. 3:11CV1024(WWE)
                                :
GORDON T. ALLEN, JR. AND        :
GORDON SEVIG TRUCKING           :
COMPANY, INC.                   :
                                :
```

RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

The plaintiff, Michael Jamison, brings an action against Gordon T. Allen and his employer, Gordon Sevig Trucking Company, alleging negligence and vicarious liability. He seeks damages for injuries sustained during an automobile accident on September 17, 2009, claiming he was rear-ended by a vehicle operated by defendant Allen, within the scope of Allen's employment with Gordon Sevig Trucking Company. [Doc. #1 at 1-2].

Plaintiff claims various injuries as a result of the accident, including cervicogenic headache, cervical strain, disc herniations at C3-4 and C4-5 requiring cervical discectomy and fusion, cervico brachial syndrome, thoracalgia, vertebral subluxation of thoracic spine, and lumbar strain requiring steroid injection therapy. [Doc. #1 at 2]. As a result of the accident, plaintiff underwent a cervical fusion procedure, performed by Dr. Abraham Mintz, M.D., and Dr. Gerard Girasole,

1

M.D.  Plaintiff disclosed Dr. Mintz and Dr. Girasole as expert witnesses.

Plaintiff moves for a protective order, pursuant to Fed. R. Civ. P. 26(c)(1)(A), preventing disclosure or discovery related to item nine on the materials list in Dr. Mintz and Dr. Girasole's deposition notices; or in the alternative, to limit the scope and inquiry of item nine to the previous calendar year, pursuant to Fed. R. Civ. P. 26(c)(1)(D).  [Doc. #41 at 1]. Defendants noticed the depositions of Doctors Mintz and Girasole with identical production requests.  Item 9 seeks,

> Any and all records, correspondence, or other documentation (to include computer records) evidencing the number of persons referred to [Abraham Mintz, M.D] [Gerard Girasole, M.D. and/or The Orthopedic & Sports Medicine Center] by the law firm of Carter Mario Injury Lawyers from January 1, 2005 to the present, to include the date any such referral was made.  <u>Please note – the deponent is not required to produce any treatment records pertaining to any such person.  In addition, in order to conform to applicable HIPPA [sic] regulations the names of any such person may be redacted to reveal the first initial of the first name and the first initial of the last name only.  No other personally identifiable information need be produced.</u>

Plaintiff asserts a relevancy objection and argues that the request is to "harass and intimidate the witness in an effort to impose a chilling effect" on the doctors' testimony.  [Doc. #41 at 2].  Plaintiff also argues the request is highly burdensome and expensive and the scope of production too broad for "a minor and tangential issue" related to the doctors' testimony and

2

thus, the burden associated with preparing the documents outweighs any probative value.  [Doc. #41 at 3].

Defendants claim the production request at issue is "reasonably calculated to lead to the discovery of evidence that will be admissible at trial on the issue of whether Drs. Mintz and Girasole possess a bias in favor of the [p]laintiff due to an extensive, longstanding, and lucrative relationship they have with the Carter Mario Firm."  [Doc. #44 at 5].  Furthermore, the defendants assert the information is admissible to help the jury determine whether to accept the doctors' expert testimony that plaintiff's surgery was "medically necessary and/or had to be performed by two surgeons."  [Doc. #44 at 5].

Rule 26(c) of the Federal Rules of Civil Procedure reads, in pertinent part, that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden" during the discovery process.  Fed. R. Civ. P. 26(c)(1).  Further,

> undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. . . . The determination of issues of burden and reasonableness is committed to the sound discretion of the trial court.

Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005) (citations and quotation marks omitted).

3

The burden of showing good cause for the issuance of a protective order falls on the party seeking the order. Brown v. Astoria Fed. Sav. & Loan Ass'n, 444 F. App'x 504, 505 (2d Cir. 2011) (citations omitted). To establish good cause under Rule 26(c) the party must set forth a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006) (citations omitted). In other words, good cause exists when disclosure will result in a "clearly defined and serious injury" to the party seeking the protective order." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). Moreover, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient for a good cause showing. Id. at 786 (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

In support of plaintiff's contention that enforcing the production request would cause concrete and serious injury, plaintiff asserts the request "*could* include a multitude of documents per patient over a period of eight years." [Doc. #41 at 3] (emphasis added). Furthermore, plaintiff alleges the request would be "extremely time-consuming and expensive" and would require the doctors to "compile multiple documents per patient and . . . redact each document to comply with HIPAA

4

regulations."  [Doc. #41 at 3].  Such generalized and speculative suggestions of harm do not constitute good cause for issuance of a protective order under Rule 26(c).

Plaintiff's Motion for Protective Orders for Abraham Mintz, M.D., and Gerard Girasole, M.D., [**doc. #41**] is **GRANTED** in part and **DENIED**.  Dr. Mintz and Dr. Girasole will state the number of individuals referred to them, respectively, by Carter Mario Injury Lawyers from January 1, 2005 to the present date.  Dr. Mintz and Dr. Girasole are not required to produce documentation evidencing the number of individuals referred, or the dates of those referrals.  If any questions arise during the course of the depositions, parties may contact the Court for further guidance.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e), and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by

5

the district judge upon motion timely made.

       ENTERED at Bridgeport, this 27th day of March 2013.

                                  ____/s/_____
                                  HOLLY B. FITZSIMMONS
                                  UNITED STATES MAGISTRATE JUDGE